**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0033n.06

No. 15-6397

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 13, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOHN S. VERBLE, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| MORGAN STANLEY SMITH BARNEY, | ) | |
| LLC; MORGAN STANLEY & COMPANY, | ) | |
| INC., | ) | **OPINION** |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

Before: BATCHELDER, MOORE, and COOK, Circuit Judges.

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant John Verble filed a lawsuit alleging that Defendant-Appellee Morgan Stanley Smith Barney fired him in retaliation for reporting illegal activity to the FBI. The district court granted defendants' motion to dismiss, and Verble appealed. For the reasons discussed below, we **AFFIRM** the district court's judgment.

**I. BACKGROUND**

John Verble worked as a financial advisor for Morgan Stanley Smith Barney, LLC from November 2006 until he was fired in June 2013. R. 1 (Compl. at ¶¶ 9, 11, 21) (Page ID #3–4, 8). It is undisputed that Defendant Morgan Stanley Smith Barney, LLC is a wholly owned subsidiary of Defendant Morgan Stanley & Co., Inc.

In his complaint, Verble alleged that he learned of illegal activity by Morgan Stanley Smith Barney and its clients and that he served as a confidential informant to the FBI in its investigation into Pilot Flying J. R. 1 (Compl. at ¶¶ 11, 20) (Page ID #4–8). Verble's complaint stated, and it is widely known, that former Pilot Flying J employees pleaded guilty to fraud-related charges. R. 1 (Compl. at ¶¶ 20, 23) (Page ID #5–9). Verble's complaint provided no additional factual information about his cooperation with the FBI. Verble initially alleged that he cooperated with the SEC in addition to the FBI. R. 1 (Compl. at ¶ 29) (Page ID #10). However, Verble's complaint provided no factual information about his cooperation with the SEC. Later, in his appeal brief, he clarified that he "did not report directly to the SEC, although the FBI reported [Verble's] disclosures to the SEC." Appellant Br. at 9. Verble also intimated that he reported violations to other federal law-enforcement agencies and reported violations internally to defendants. R. 1 (Compl. at ¶¶ 38, 47) (Page ID #13–14). Again, his complaint provided no factual information. No subsequent pleadings provided additional information on Verble's possible cooperation with other federal law-enforcement agencies or internal reporting. Verble alleged that "as a direct result of [his] involvement in assisting the FBI," he "was retaliated against, discriminated against and illegally discharged from his position in violation of numerous federal statutes" as well as Tennessee law. R. 1. (Compl. at ¶¶ 22, 32, 51) (Page ID #8, 10–11, 15).

Defendants filed a motion to dismiss Verble's Sarbanes-Oxley retaliation claim, False Claims Act retaliation claim, Dodd-Frank retaliation claim, and Tennessee state-law claims.

R. 10 (Mot. to Dismiss) (Page ID #44).  The district court dismissed all three federal claims.

R. 34 (12/8/2015 Mem. Op. at 1) (Page ID #443); R. 35 (12/8/2015 Order at 1) (Page ID #470).

Having dismissed all of Verble's federal claims, the district court "decline[d] to exercise

continuing supplemental jurisdiction over plaintiff's state-law claims."  R. 34 (12/8/2015 Mem.

Op. at 27) (Page ID #469).  Verble filed a timely Notice of Appeal.  R. 36 (Notice of Appeal)

(Page ID #471).  His appeal challenges the dismissal of his False Claims Act retaliation claim

and Dodd-Frank retaliation claim; he has clarified that he never brought a Sarbanes-Oxley

retaliation claim.  *See* Appellant Br. at 3–4; Reply Br. at 2.

## II.  SARBANES-OXLEY ACT RETALIATION CLAIM

First, we address Verble's Sarbanes-Oxley retaliation claim (or rather, as it turns out, the

lack thereof).  For most of this litigation, it was not clear whether Verble meant to bring a claim

under Sarbanes-Oxley.  In his complaint, Verble cited statutory codifications of the Sarbanes-

Oxley Act but did not state whether he was bringing a Sabanes-Oxley retaliation claim.  In

defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's

Complaint, defendants noted that "Verble appears to assert a retaliation claim under Section 806

of the Sarbanes-Oxley Act" and argued that a Sarbanes-Oxley retaliation claim would be

procedurally barred by the statute of limitations and Verble's failure to exhaust administrative

remedies.  R. 11 (Mem. in Support of Mot. to Dismiss at 2, 7–8) (Page ID #48, 53–54).  Verble

did not respond to this argument.  R. 17 (Pl.'s Resp. to Mot. to Dismiss) (Page ID #82–97).  The

district court dismissed the apparent Sarbanes-Oxley retaliation claim.  R. 34 (12/8/2015 Mem.

Op. at 6–8, 27) (Page ID #448–50, 469).

Verble's Opening Brief before this court did not clarify whether he meant to bring a

Sarbanes-Oxley retaliation claim and did not state whether he was challenging the district court's

dismissal of that claim.  Verble finally clarified in his Reply Brief that "Appellant [Verble] never

made any <u>claim under the Sarbanes-Oxley Act</u>. . . . The fact that certain disclosures are

'[]required or protected' under Sarbanes-Oxley does not mean that Appellant is relying on a

**<u>cause of action</u>** under Sarbanes-Oxley."  Reply Br. at 2 (emphasis in original).  Accordingly,

there is no Sarbanes-Oxley retaliation claim before us, and we now know that there never was a

Sarbanes-Oxley retaliation claim before the district court.  Because Verble never brought a

Sarbanes-Oxley retaliation claim, we do not need to rule on whether this claim was properly

dismissed.

### III.  FALSE CLAIMS ACT AND DODD-FRANK RETALIATION CLAIMS

We now turn to the two claims that are before us:  the False Claims Act retaliation claim,

*see* 31 U.S.C. § 3730(h), and the Dodd-Frank retaliation claim, *see* 15 U.S.C. § 78u–6.[1]

### A.  Standard of Review

We review the district court's decision to grant a motion to dismiss de novo.  *See Total*

*Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 433 (6th Cir.

2008).  "[W]e may affirm the district court's dismissal of [p]laintiff['s] claims on any grounds,

---

[1]Dodd-Frank added the section codified at 15 U.S.C. § 78u–6, captioned "Securities Whistleblower Incentives and Protection," to the Securities Exchange Act.

including those not relied on by the district court." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014) (internal quotation marks omitted) (second alteration in original).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and is properly dismissed if it "fail[s] to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). Although courts "do not require heightened fact pleading of specifics," we do require "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]e must accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible claim for relief." *Bright v. Gallia Cty.*, 753 F.3d 639, 652 (6th Cir. 2014) (internal quotation marks omitted). Conclusory allegations are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice" to state a plausible claim for relief. *Bright*, 753 F.3d at 652 (internal quotation marks omitted).

## B. False Claims Act Retaliation Claim

Because we agree with the district court that Verble did not adequately allege facts to support his False Claims Act claim and that the court was not required to grant *sua sponte* Verble leave to amend his complaint, we affirm the district court's dismissal of this claim.

Verble's complaint stated that "[t]he criminal activities observed by Plaintiff involved . . . fraud upon the government of the United States" and that "Plaintiff has been fired because he assisted Federal authorities with regard to (1) fraud perpetrated upon the Government of the

United States . . . ." R. 1 (Compl. ¶¶ 12, 53) (Page ID #4, 16). Defendants argued in their motion to dismiss that these conclusory allegations did not provide sufficient facts to support Verble's False Claims Act retaliation claim. R. 11 (Mem. in Support of Mot. to Dismiss at 19–20) (Page ID #65–66). In response to defendants' argument, Verble's counsel said only:

> The Defendants make great moment of the fact that Plaintiff failed to plead "facts plausibly showing that he engaged in protected activity: that he was taking action either to stop a specific fraudulent or false claim against the United States Government ("Government') [sic] or in furtherance of a *qui tam* action or an FCA action brought by the Government." Undersigned counsel <u>represents</u> to the Court that Defendants are in error on this point. Plaintiff will answer specific inquires [sic] from the Court on this subject under seal.

R. 17 (Resp. to Mot. to Dismiss at 4) (Page ID #85) (emphasis in original). Verble never alleged additional facts to support this representation and never filed any pleadings or other papers under seal or requested leave to file any pleadings or papers under seal. He also never filed an amended complaint or requested leave to file an amended complaint. Determining that Verble's complaint did "not adequately allege[] any facts showing he engaged in protected activity in connection with his FCA retaliation claim," and that "it is not the Court's role to inquire about deficient pleadings and to invite plaintiff to cure the deficiencies," the district court dismissed the claim. R. 34 (12/8/2015 Mem. Op. at 25–26) (Page ID #467–68).

In this appeal, Verble argues that his False Claims Act retaliation claim should not have been dismissed because "it is Plaintiff's position that in light of a 'representation' by counsel that there are facts that could be provided under seal, the trial court abused his discretion in ordering the complaint dismissed . . . rather than giving leave to file of [sic] an amended complaint under seal." Appellant Br. at 25.

As we have stated in prior cases, and as the district court noted in its order, "a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought." *Total Benefits Planning Agency*, 552 F.3d at 438 (quoting *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1042 (6th Cir. 1991)); *see also* R. 34 (12/8/2015 Mem. Op. at 26) (Page ID #468) (explaining that the district court is not required to grant *sua sponte* a party leave to amend and quoting *Total Benefits Planning Agency*). "Once [plaintiff] knew of the thrust of defendants' arguments for dismissal, it was perfectly free to respond to the motion to dismiss by providing the district court with additional facts to make its complaint concrete and plausible." *Total Benefits Planning Agency*, 552 F.3d at 438 (internal quotation marks omitted) (alteration in original). Accordingly, "[t]he argument that the district court should have rescued Plaintiff[] by *sua sponte* offering leave to amend the complaint is simply misplaced." *Id.*

Verble's counsel's indication that he would answer the court's inquiries was not sufficient, as it is Verble's responsibility, not the court's, to initiate amendments. Verble "knew the sufficiency of [his] complaint was at issue" because defendants' motion to dismiss argued that Verble had alleged insufficient facts to support a False Claims Act retaliation claim. *Id.* Despite Verble's knowledge that the sufficiency of his complaint was at issue, "nothing in [plaintiff's] opposition, or even [his] brief on appeal, has anything factual to underpin [his] complaint." *Id.* (internal quotation marks omitted) (first alteration in original).

Therefore, because Verble knew that the sufficiency of his complaint was at issue and did not seek to amend his complaint or otherwise allege facts to support his conclusory allegations,

the district court did not abuse its discretion by failing to grant *sua sponte* Verble leave to amend his complaint. Because Verble's complaint made only conclusory allegations and failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," we affirm the district court's dismissal of Verble's False Claims Act retaliation claim. *Iqbal*, 556 U.S. at 678.

## C. Dodd-Frank Retaliation Claim

We affirm the district court's dismissal of Verble's Dodd-Frank retaliation claim but on "grounds . . . not relied on by the district court." *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d at 469 (internal quotation marks omitted). The district court dismissed Verble's Dodd-Frank retaliation claim on the ground that "[b]ecause plaintiff did not provide information to the SEC before his termination, he does not qualify as a whistleblower as defined in Dodd-Frank and has no protection under [15 U.S.C.] § 78u-6(h)(1)(A)." R. 34 (12/8/2015 Mem. Op. at 21) (Page ID #463). The question that the district court addressed, whether Verble qualifies as a whistleblower for purposes of Dodd-Frank's anti-retaliation provision, has divided the courts. *See, e.g.*, *Berman v. Neo@Ogilvy LLC*, 801 F.3d 145, 146, 155 (2d Cir. 2015) (holding that reporting violations internally is sufficient to qualify an individual as a whistleblower for purposes of Dodd-Frank's anti-retaliation provision); *Asadi v. G.E. Energy (USA), L.L.C.*, 720 F.3d 620, 629 (5th Cir. 2013) (holding that only individuals who report violations to the SEC qualify as whistleblowers for purposes of Dodd-Frank's anti-retaliation provision). The answer to this question depends on whether the statutory text is sufficiently ambiguous to

warrant *Chevron* deference to the SEC, which issued a rule interpreting Dodd-Frank's anti-retaliation provision to protect individuals who report violations internally or to other law-enforcement agencies as well as to the SEC. *See Berman*, 801 F.3d at 146; *Asadi*, 720 F.3d at 629; R. 34 (12/8/2015 Mem. Op. at 21) (Page ID #463). Because Verble's claim suffers from a more fundamental defect, we do not reach this question.

Before the district court, defendants argued both that Verble did not qualify as a whistleblower for purposes of Dodd-Frank's anti-retaliation provision and that Verble's complaint failed to meet the plausibility standard set forth in *Twombly* and *Iqbal*. R. 11 (Mem. in Support of Mot. to Dismiss at 7) (Page ID #53). We hold that Verble's complaint fails to allege sufficient facts as to his Dodd-Frank retaliation claim to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557; *Bright*, 753 F.3d at 652. We uphold the district court's dismissal of Verble's Dodd-Frank retaliation claim on that basis.

To explain our holding that Verble's complaint fails to allege sufficient facts to support his Dodd-Frank retaliation claim, we start by summarizing the allegations in his complaint. Verble's complaint alleges that he was "retaliate[ed] against . . . for his legitimate cooperation with Federal law enforcement authorities, including by way of example, the FBI and SEC." R. 1. (Compl. at ¶ 38) (Page ID #13). The complaint provides no factual information about his cooperation with the SEC or FBI. On appeal, Verble explains that, in fact, he "did not report directly to the SEC, although the FBI reported [Verble's] disclosures to the SEC." Appellant Br. at 9. Verble never rescinded the argument that he worked directly with the FBI, but he also did

not provide any factual information about his work with the FBI. He says that he "uncovered insider trading activities at MSSB," for example, "insider trading among members of MSSB's Knoxville office and their clients with regard to Miller Energy stock," but provided no details. R. 1 (Compl. at ¶¶ 28, 30) (Page ID #10). The only actual details he provided were in the form of a list of Pilot Flying J employees who "pled guilty to fraud-related charges involving a fuel rebate scheme." R. 1 (Compl. at ¶ 20) (Page ID #5–8). But the fact that these individuals pleaded guilty is publicly available, and he did not explain how these guilty pleas related to his Dodd-Frank claim against defendants here. Finally, Verble mentioned in his complaint once calling the Knoxville FBI office after his Morgan Stanley branch manager threatened him, and twice being in a black sedan "accompanied by what appeared to be Federal agents"; after a colleague spotted him in the sedan, Verble asserted that he was working with the staff of a Congress member. R. 1 (Compl. at ¶¶ 13, 19) (Page ID #4–5).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 556 U.S. at 555). Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted) (alteration in original).

10

Most of Verble's allegations are "[c]onclusory allegations or legal conclusions masquerading as factual allegations," rather than "non-conclusory allegations of fact." *Bright*, 753 F.3d at 652 (internal citations omitted). Under these circumstances, these allegations are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Bright*, 753 F.3d at 652. As for the few specific allegations in Verble's complaint, none of them provide enough factual material to state a plausible claim. For example, Verble states that he once called the FBI from a payphone and was once spotted getting out of a sedan with people who looked like, but may or may not have been, FBI agents. His complaint says nothing that differentiates his telephone call from the sort of tip or report that anyone could make to the FBI—he does not say whether he was given any instructions, whether the FBI took any action in response to his call, or even to whom he spoke. As for the sedan incident, he does not even specify whether the people in the sedan actually were FBI agents. These allegations are much too vague to support the claim that he was fired in retaliation for working with the FBI. Vague assertions of contact with possible FBI agents cannot "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Verble also recites an account of the guilty pleas of Pilot Flying J employees, which were widely publicized and do not mention the defendants in this case. Simply repeating what was in the media "pleads facts that are merely consistent with a defendant's liability," and "stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The allegation that Verble uncovered insider trading regarding Miller Energy Stock is similarly devoid of any factual material that would allow a

11

court to assess the plausibility of his claim. Because this allegation is not accompanied by any facts, it "tenders naked assertion[s] devoid of further factual enhancement," which does not "suffice." *Id*. (internal quotation marks omitted) (alteration in original).

Because Verble's complaint is entirely devoid of any factual material describing his work with any law-enforcement agency, including the FBI or SEC, it does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, on this basis, we affirm the district court's dismissal of Verble's Dodd-Frank retaliation claim. Verble's complaint fails to meet the threshold requirement of providing enough facts to state a plausible claim for relief. We do not reach the question of how to interpret Dodd-Frank's definition of whistleblower for purposes of the anti-retaliation provision.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.